## ROBERT H. FISH v. B. GLASS.

**Action—Cause of—Necessary Facts.**

A joint judgment against True, as principal and Fish as surety in a note, was replevied. True, without making Fish a party, enjoined the enforcement of the replevin bond; and appellant instituted suit as bondsman for True, against Fish, former bondsman: Held not to constitute a cause of action.

**Same—Liability on Bond—Parties.**

A bondsman in a replevin suit, is released from liability, when an injunction, with others as bondsmen thereon is issued to restrain its operation, and the former bondsman is not made a party to the injunction suit.

**Same.**

The law cannot presume that the injunction was not prejudicial to the former bondsman, and against his will.

APPEAL FROM OWEN CIRCUIT COURT.

July 1, 1869.

OPINION OF THE COURT BY JUDGE ROBERTSON:

A joint judgment against True and Fish on a note in which Fish was True's surety, was replevied by them as principals and by Jackson as their surety. True, without making Fish a party, enjoined the enforcement of the replevin bond, and the appellee, Glass, was the only surety in the injunction bond.

On the dissolution of the injunction, a judgment obtained against Glass on the injunction bond was replevied and finally paid off by Glass. Thereupon Glass filed a petition against True and one Gaines, as True's debtor, summonsed as garnishee. True being insolvent, and Gaines admitting an indebtedness of only $18, Glass filed an amended petition against Fish, claiming a judgment against him on the foregoing facts only. And Fish failing to answer, judgment was rendered against him for the amount paid by Glass.

The facts, as charged and tacitly admitted, showed that Fish

had been exonerated by Glass' injunction and replevin bonds; and there is no allegation that would imply a liability to Glass on any other ground.

The law would not imply such liability from the facts as charged and admitted. The injunction may have been prejudicial to Fish and against his will.

Wherefore, the judgment is reversed, and the cause remanded for a dismission of the petition against Fish unless it shall be so amended as to show a cause of action against him.

*Scott, for appellant.*

*Lillard, for appellee.*